749 So.2d 246 (1999)
Walter B. HENLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-CP-01195-COA.
Court of Appeals of Mississippi.
August 24, 1999.
*247 Walter B. Henley, Appellant, pro se.
Office of the Attorney General by Dewitt T. Allred, III, Attorneys for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Walter B. Henley appeals the denial of his post-conviction relief raising the following issues as error:
I. WHETHER THE TRIAL COURT ERRED IN SENTENCING THE PETITIONER TO SERVE FOUR TEN YEAR SENTENCES CONCURRENTLY ON FOUR COUNTS OF THE HIS SIX COUNT INDICTMENT, WHERE THE TRIAL COURT HAD PREVIOUSLY SENTENCED THE PETITIONER'S CO-DEFENDANT TO SERVE SIX YEARS ON ONE COUNT OF HIS SIX COUNT INDICTMENT.
II. WHETHER THE TRIAL COURT ERRED IN SENTENCING PETITIONER TO FOUR TEN YEAR SENTENCES OF HIS SIX COUNT INDICTMENT IN VIOLATION OF DOUBLE JEOPARDY.
Finding no error, we affirm.

FACTS
¶ 2. Henley and his co-defendant, Donald E. Yarbrough, were each charged in a six count indictment for the armed robbery of the Pizza Hut restaurant in Columbus, Mississippi and five individuals. Henley pled guilty on February 27, 1995 to counts one, two, four, and five. The remaining two counts, three and six, were dropped. Henley received four separate ten year sentences for each of the four counts, to be served concurrently, in the custody of the Mississippi Department of Corrections. Yarbrough had previously pled guilty to one count of his six count indictment on December 5, 1994, and received a six year sentence to run consecutively with any sentence he was presently serving. The remaining five counts against Yarbrough were dropped.
¶ 3. On July 28, 1995, Henley, pro se, filed a motion requesting documents from the court, but set forth no grounds for obtaining the documents requested. The lower court denied this request in an order entered on August 23, 1995. On August 18, 1996, Henley, pro se, filed a motion which was styled "Motion to Review Sentences." This motion was dismissed on August 22, 1996. A second motion styled in the same manner as the August 18, 1996 motion was filed on October 23, 1996 and was denied on November 22, 1996. A third motion was filed on June 30, 1997 styled "The Petitioner's Petition for Post-Conviction Relief." The lower court entered an order denying Henley's petition and imposed monetary sanctions in the amount of $250 against Henley for repeatedly filing frivolous and repetitive petitions and motions. It is from this denial that Henley now appeals.

ANALYSIS

I.

WHETHER THE TRIAL COURT ERRED IN SENTENCING THE PETITIONER TO SERVE FOUR TEN YEAR SENTENCES CONCURRENTLY ON FOUR COUNTS OF THE HIS SIX COUNT INDICTMENT, WHERE THE TRIAL COURT HAD PREVIOUSLY SENTENCED THE PETITIONER'S CO-DEFENDANT TO SERVE SIX YEARS ON ONE COUNT OF HIS SIX COUNT INDICTMENT.
¶ 4. Henley argues that the trial court erred in sentencing him to serve four *248 ten year sentences to be served concurrently for the four counts of armed robberies for which he pled guilty, where Henley's co-defendant only received six years for the one count of armed robbery, to which he as well pled guilty. Henley argues that his sentence to serve four ten year sentences concurrently was injustly disproportionate to that of his co-defendant, Yarbrough. Henley argues that since both he and Yarbrough share similar, if not identical, factors such as social background, criminal record and equal participation in the robbery of the Pizza Hut and the five individuals, that they should have received proportionate sentences. The State responds that Henley is procedurally barred from presenting this issue on appeal since this issue could have been raised at the time of the plea and sentencing.
¶ 5. The present issue is procedurally barred. Miss.Code Ann. § 99-39-21(1), states:
Failure by a prisoner to raise objections, defenses, claims, questions, issues, or errors either in fact or in law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
¶ 6. In addition, the use of § 99-39-21(1) as a procedural bar receives substantial support in the unequivocal intent and purpose of the Post-Conviction Relief Act as stated in § 99-39-3(2), which provides:
Direct appeal shall be the principle means of reviewing all criminal convictions and sentences, and the purpose of this chapter is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal. See also Williams v. State, 669 So.2d 44, 52 (Miss.1996) (holding Post-Conviction Collateral Relief Act provides a procedure limited in nature and relief is not granted upon facts and issues which could have or should have been addressed at trial or on appeal); Cole v. State, 666 So.2d 767, 772-73 (Miss.1995) (holding that post-conviction relief does not lie for facts and issues which were litigated at trial or on direct appeal).
¶ 7. In the present case, Henley neither objected nor attempted to address the issue of disparity of sentences between himself and Yarbrough during his plea and sentencing, nor directly appealed the same. Henley, therefore cannot now complain on appeal an issue which was capable of being addressed and litigated before the trial court during his plea and sentencing.
¶ 8. Notwithstanding the procedural bar, Henley has failed to present argument from which this Court can find error. Both Henley and Yarbrough were charged in a six count indictment for armed robbery. However, Henley pled guilty to four of his six counts while Yarbrough pled guilty to only one of his six counts. We note that both defendants, as part of their plea negotiations, were offered the opportunity to cooperate with the prosecution but refused. Every criminal proceeding presents its own individual strengths and weaknesses. This is true despite the fact that two defendants shared equally in planning and committing the crime as charged. We further note that evidentiary problems present in the case against Yarbrough were not present in the case against Henley, as was argued by the State during Henley's sentencing.
¶ 9. Nevertheless, the fact remains that Henley pled guilty to four separate counts of armed robbery of his six count indictment, while his co-defendant, Yarbrough, only pled guilty to one count of his six count indictment. Henley received four ten year sentences to be served concurrently while Yarbrough received a six year sentence. We do not see, given the number *249 of counts plead by each defendant, how a difference of four years in sentences can amount to an illegal or constitutionally invalid sentence. In addition to the procedural bar, this assignment of error is also without merit.

II.

WHETHER THE TRIAL COURT ERRED IN SENTENCING PETITIONER TO FOUR TEN YEAR SENTENCES OF HIS SIX COUNT INDICTMENT IN VIOLATION OF DOUBLE JEOPARDY.
¶ 10. Henley argues that his convictions on the four armed robbery counts violates double jeopardy. Henley asserts that only one armed robbery occurred rather that six separate robberies and that there were in actuality six separate victims under one set of operative circumstances and facts. The State responds that Henley failed to raise this issue during his plea and sentencing and is therefore procedurally barred from raising the issue on appeal.
¶ 11. The procedural bar in Henley's previous assignment of error is likewise applicable to the instant assignment. Failure to raise facts and issues which could have or should have been addressed at trial or on direct appeal constitutes waiver and is treated as a procedural bar on a post-conviction relief appeal. Miss. Code Ann. § 99-39-21(1). Failure to address a claim of double jeopardy at trial concludes that issue, it cannot then be raised initially in a motion for post-conviction relief. Mann v. State, 490 So.2d 910, 911 (Miss.1986); Jennings v. State, 700 So.2d 1326, 1328 (Miss.1997). Henley was presented with the opportunity to raise any objections, defenses, claims, questions, issues, or errors in either fact or law at his plea and sentencing, but chose not to do so. He cannot now appeal claims he failed to raise at trial.
¶ 12. Notwithstanding the procedural bar, Henley's argument that only one crime of armed robbery was committed against six separate and distinct victims under one set of operative circumstances and facts is without merit. Mississippi has long recognized that separate offenses, though committed under a common nucleus of operative fact, does not present a legal impediment to multiple prosecutions under the double jeopardy clause of both the federal and the state constitutions. Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); Lee v. State, 469 So.2d 1225, 1229 (Miss.1985). In the instant case, Henley and his co-defendant not only committed armed robbery against the Pizza Hut restaurant, but also robbed five individuals, placing each of them in immediate fear of injury with a deadly weapon and depriving each of them of his or her personal property. Under these circumstances, Henley's six count indictment charging six separate crimes of armed robbery against multiple victims, despite their common nucleus, is indicative of Henley's intent to rob each person and therefore, multiple convictions or counts for multiple victims do not violate Henley's protection under double jeopardy. See generally Lee v. State, 469 So.2d 1225 (Miss.1985); Berry v. State, 195 Miss. 899, 16 So.2d 629 (1944). In addition to the procedural bar, this assignment of error is also without merit.
¶ 13. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF AND IMPOSITION OF SANCTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.