KING, P.J.,
for the Court:
¶ 1. Randolph E. Thomas (Thomas) perfected this appeal from an order denying post-conviction relief entered by the Circuit Court of DeSoto County, Mississippi. Thomas was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections with the last five years suspended. The following allegations of error are taken verbatim from appellant’s brief: 1) Attorney William F. “Bill” Travis was “ineffective” in his representation of petitioner as guaranteed by the U.S. Constitution and the Mississippi Constitution; and 2) Petitioner was denied due process of the law and constitutions when he was sentenced to thirty (30) years with five (5) years suspended for a twenty-five (25) year mandatory sentence while co-defendant Sandra Faye Dees under totally the same identical “everything” received a thirty (30) year sentence with ten (10) years suspended for a twenty (20) year mandatory sentence.
FACTS
¶2. On January 10, 1996, Thomas and Sandra Faye Dees (Dees) were arrested on capital rape charges. Thomas signed a written confession on January 11, 1996. The same day both appeared before a DeSoto County justice court judge. At that time, Thomas pled guilty to capital rape. On February 23, 1996, the Grand Jury of DeSoto County indicted Thomas and Dees for capital rape of a female under the age of fourteen. Thomas entered a plea agreement that would reduce the capital rape charge to sexual battery in exchange for a plea of guilty. In open court on May 10, 1996, Thomas pled guilty to sexual battery. The trial court judge questioned Thomas extensively to determine whether his plea was made freely, knowingly, voluntarily and with understanding. Under oath, Thomas testified that he was not under the influence of any intoxicants and had received no promises or threats which induced him to plead *98 guilty. The charges were read, and the State indicated what it was prepared to prove in the event the cases were to go to trial. Thomas testified that he understood the nature of the charge and had in fact committed the crime.
¶ 3. Under the terms of the plea agreement, the State recommended that Thomas be sentenced to thirty years under the supervision and control of the Mississippi Department of Corrections, with the last five years suspended. Thomas was then questioned by the trial court judge to determine if he understood that this was the maximum sentence allowable and that there was no minimum. The court also indicated it was not bound by the recommendations of the State, and that the sentence would be served in its entirety without the opportunity for parole or early release. Thomas again stated that he understood and still wished to plead guilty. The trial judge informed Thomas that a guilty plea would waive his right to a jury trial, other constitutional protections and an appeal of his conviction to the supreme court. Thomas stated that he understood that a guilty plea waived those rights.
¶ 4. The court questioned Thomas concerning the services provided by his attorney. Thomas voiced no problems or dissatisfaction with the services and advice received. Having acknowledged this, Thomas again indicated a desire to plead guilty. The court accepted Thomas’s plea of guilty to sexual battery and sentenced him to thirty years under the control of the Mississippi Department of Corrections with the last five years of his sentence suspended.
¶ 5. On March 15, 1999, Thomas filed a “Motion for Post^Conviction Relief’ with the DeSoto County Circuit Court. That motion was denied on April 14, 1999, without an evidentiary hearing. After reviewing the court files, records and transcripts, the court found that Thomas was not entitled to any relief. Thomas, aggrieved by the court’s ruling, perfected this appeal.
ANALYSIS AND DISCUSSION OF THE LAW
I.
Attorney William F. “Bill” Travis was “ineffective” in his representation of petitioner as guaranteed by the U.S. Constitution and the Mississippi Constitution.
¶ 6. Thomas argues that he did not receive effective assistance of counsel because he was not informed of the terms of the plea agreement. Thomas argues that he was unaware the terms of the agreement required a twenty-five year sentence. Thomas also argues that he did not receive adequate services from his attorney.
¶ 7. Ineffective assistance of counsel claims are analyzed using the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Mississippi Supreme Court held in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984) that the Strickland standards are applicable in determining state ineffective assistance of counsel claims. To succeed on an ineffective assistance of counsel claim, a defendant must show that his attorney’s performance was so deficient and prejudicial that he was deprived of a fair trial. Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052. The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Thomas must overcome a “strong but rebuttable presumption that counsel’s conduct falls within a broad range of reasonable professional assistance.” Id. Thomas must “show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Based on Strickland, Thomas must prove both deficient performance and prejudicial effect to receive relief. Id. at 687-688, 104 S.Ct. 2052.
*99 ¶ 8. Thomas argues that he relied on the advice of his attorney and law enforcement officials prior to accepting the plea agreement. Thomas states that he expected a twelve year sentence not a twenty-five year sentence. The record reflects that in exchange for a guilty plea, Thomas’s charges were reduced from capital rape to sexual battery. According to the terms of the plea agreement and the petition, Thomas was aware that a guilty plea to sexual battery carried a maximum sentence of thirty years and that he would not be subject to the death penalty. Thomas signed the plea agreement on May 3, 1996 and signed and initialed the petition to enter plea on May 6, 1996. At the sentencing hearing on May 6, 1996, Thomas acknowledged that he had completed nine years of school and that he could read and write. He identified and verified his signature on the petition to enter plea. When questioned by the court, Thomas indicated his attorney had explained the entire petition to him, and that he was satisfied with the representation and services he had received from his attorney. Thomas was given an opportunity to make a statement or ask any questions prior to sentencing. He declined.
¶ 9. The court advised Thomas of the constitutional rights available to him should he desire a trial and that by pleading guilty he was waiving those rights. Thomas acknowledged his understanding but still wished to plead guilty. The record before the Court does not indicate that the actions of his attorney were so unprofessional that Thomas was prejudiced. There is nothing in the record to indicate that the outcome would have been any different. This assignment of error is without merit.
II.
Petitioner was denied due process of the law and constitutions when he was sentenced to thirty(30) years with five (5) years suspended for a twenty-five(25) year mandatory sentence while co-defendant Sandra Faye Dees under totally the same identical “everything” received a thirty (30) year sentence with ten (10) years suspended for a twenty (20) year mandatory sentence.
¶ 10. Thomas argues that he was denied due process because his sentence was greater than that of co-defendant Dees. Both Dees and Thomas were sentenced to thirty years. As part of their plea bargain, Dees received a ten year suspension, and Thomas received a five year suspension.
¶ 11. Thomas could have raised this issue at the time of the plea and sentencing. His failure to do so now bars this issue on appeal. Henley v. State, 749 So.2d 246 (¶ 5) (Miss.Ct.App.1999). “Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the State of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.” Miss. Code Ann. § 99-39-21(1) (Rev.1994).
¶ 12. The record reflects that both Dees and Thomas were sentenced at the same time. Thomas was present at the time recommendations were made to the court. He did not object to any of the proposed sentences. Miss.Code Ann. § 97-3-101 (Rev.1994) provides that “any person convicted of sexual battery shall be imprisoned in the State Penitentiary for a period of not more than thirty (30) years.” The trial court sentenced Thomas within the guidelines provided by the statute. “As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal.” White v. State, 742 So.2d 1126 (¶ 35) (Miss.1999). Thomas has failed to show that the sentence imposed was so disproportionate *100 that it rose to the level of an abuse of discretion by the trial court judge. In Henley, the court held that a difference of four years in sentences did not amount to an illegal or constitutionally invalid sentence. Henley, 749 So.2d at (¶ 9). In this case, a five year difference in sentences is not so disparate given the nature of the offense. This assignment of error is without merit and procedurally barred.
¶ 13. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.