822 So.2d 364 (2002)
Fontez COLLINS a/k/a Antonio Collins a/k/a Antonio F. Collins, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-02088-COA.
Court of Appeals of Mississippi.
July 16, 2002.
*365 Fontez Collins, Pro Se, Appellant.
Office of the Attorney General by: Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Antonio Collins, pro se, appeals an order of the Circuit Court of the First Judicial District of Hinds County, Mississippi, denying his petition for post-conviction relief. Aggrieved, Collins perfected this appeal and argues that the trial court committed manifest error in dismissing his motion. Collins argues on appeal that the trial court engaged in selective prosecution because he received a harsher sentence than his co-conspirators.

FACTS
¶ 2. In September 1998, Antonio Fontez Collins was indicted on charges of armed robbery. Collins pled guilty to the charges in the Circuit Court of the First Judicial District of Hinds County. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections.

LAW AND ANALYSIS
¶ 3. Collins argues on appeal that it was reversible error for the trial court to sentence him to a term greater than that imposed upon his co-conspirators. He has made no argument that his sentence is beyond the statutory limits or that his guilty plea was not voluntary. The State submits that Collins's guilty plea operated as a waiver of his right to raise this issue. The State is correct. The issue is procedurally barred.
¶ 4. Mississippi Code Annotated § 99-39-21(1) states as follows:

*366 Failure by a prisoner to raise objections, defenses, claims, questions, issues, or errors either in fact or in law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
Miss.Code Ann. § 99-39-21(1) (Rev.2000). The use of this procedural bar is firmly in line with the intent and purpose of the Post Conviction Relief Act. Henley v. State, 749 So.2d 246 (¶ 6) (Miss.Ct.App. 1999) citing Williams v. State, 669 So.2d 44, 52 (Miss.1996) (holding Post Conviction Collateral Relief Act provides a procedure limited in nature and relief is not granted upon facts and issues which could have or should have been addressed at trial or on appeal); Cole v. State, 666 So.2d 767, 772-73 (Miss.1995) (holding that post-conviction relief does not lie for facts and issues which were litigated at trial or on direct appeal).
¶ 5. In the case sub judice, Collins did not object at sentencing concerning the alleged disparity among the sentences given to the co-conspirators. Therefore, he cannot complain of a matter that could have been addressed and litigated by the trial court during his plea hearing and sentencing. Henley, 749 So.2d at (¶ 7).
¶ 6. The procedural bar notwithstanding, this issue is without merit. Collins was sentenced to a term of twenty years for his participation in the armed robbery. This sentence was within the statutory limits. The statute on armed robbery provides that the defendant can be sentenced to life by the jury. Where the jury does not sentence the defendant to life, the judge "shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years." Miss.Code Ann. § 97-3-79 (Rev.2000). "So long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion." Green v. State, 631 So.2d 167, 176 (Miss. 1994). Further, there is no requirement that co-conspirators receive identical sentences. Jones v. State, 669 So.2d 1383, 1393 (Miss.1995).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING POST CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.