CHANDLER, J.,
for the court.
¶ 1. Arthur Brooks was charged with two counts of sale of cocaine in separate indictments. Brooks was convicted of both counts, and filed a motion for post-conviction relief (PCR) in the Circuit Court of Humphreys County. The motion was denied on November 15, 2001. Brooks has appealed pro se from the denial and raises four assignments of error. First, Brooks claims he was denied due process because he was never arraigned and his right to a speedy trial was violated. Second, Brooks claims he was defectively indicted because the charges were contained in two separate indictments rather than in one multi-count indictment. Third, Brooks argues he has suffered double jeopardy because the charges arose from a common scheme. Finally, Brooks claims ineffective assistance of counsel on the ground that his *609 attorney failed to object to the allegedly defective indictments.
¶ 2. The State contends that this appeal must be dismissed because Brooks failed to supply this Court with an adequate record to show the trial court committed reversible error.
FACTS
¶ 3. The trial court’s order is the sole document in the record containing relevant factual information. Brooks was indicted for sale of cocaine in violation of Miss.Code Ann. § 41-29-139(a)(l) (Rev.2001). Then, on July 31, 1998, he was indicted on a second charge of sale of cocaine in violation of section 41-29-142(1) (Rev.2001). On November 12, 1998, Brooks was found guilty on the first charge and sentenced to serve six years in the custody of the Mississippi Department of Corrections. On March 23, 2000, Brooks entered a guilty plea on the second charge and was sentenced to serve five years to run consecutively with the six-year sentence.
¶ 4. In the PCR motion, Brooks prayed for relief from his conviction in the second charge and made the same assignments of error he has raised in this appeal. The trial court held that Brooks’ arguments about due process, defective indictments, and double jeopardy were procedurally barred because they were available at the plea hearing and could not be raised for the first time on PCR. The trial court reviewed the ineffective assistance of counsel claim and found it without merit under the two-part test from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
STANDARD OF REVIEW
¶ 5. In review of the trial court’s denial of a motion for post-conviction relief, this Court will not disturb fact-findings of the lower court unless they are clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). If questions of law are raised, the standard of review is de novo. Id.
LAW AND ANALYSIS
¶6. The record on appeal consists of eleven pages, including the docket sheet, notice of appeal, two letters from the Supreme Court Clerk, the trial court’s order and amended order, Brooks’ infor-ma pauperis request and order, and certificate of compliance. Brooks makes various allegations in his short and poorly constructed brief, but has supplied this Court with a record inadequate to discern whether these allegations have merit. This Court must base decisions only on facts shown in the record. “Facts asserted to exist must and ought to be definitely proved and placed before the court by a record, certified by law; otherwise, we cannot know them.” Mason v. State, 440 So.2d 318, 319 (Miss.1983). “When no proper record is submitted, this Court will not place the trial court in error based merely upon assertions in appellant’s brief.” Henderson v. State, 783 So.2d 769, 771 (¶ 4) (Miss.Ct.App.2001).
¶ 7. Brooks’ first argument is that he was denied due process because he was convicted without an arraignment and not brought to trial within 270 days after indictment. Statutory speedy trial violations are measured from the date of arraignment. Miss.Code Ann. § 99-17-1 (Rev. 2000). The record Brooks submitted contains no evidence of whether he was arraigned or when, or the number of days he waited after arrest for the plea hearing. Brooks’ failure to provide this information prevents this Court from determining whether a 270-day violation occurred.
¶ 8. Notwithstanding the deficient record, the trial court’s ruling was *610 correct. Brooks could have raised the issue at the plea hearing and failed to do so; therefore, the issue is proeedurally barred. Miss.Code Ann. § 99-39-21(1) (Supp.2002). Brooks claims to have raised the speedy trial issue orally at the plea hearing, but the trial court correctly found that Brooks’ guilty plea waived the issue on PCR. A defendant’s valid guilty plea waives all nonjurisdietional rights or defects, including the right to a speedy trial. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991).
¶ 9. Brooks’ second argument is that it was error to charge him in separate indictments. This argument was not raised at the plea hearing and is procedurally barred. Miss.Code Ann. § 99-39-21(1) (Supp.2002). Notwithstanding the procedural bar, the issue is without merit, as shown below in the discussion of ineffective assistance of counsel.
¶ 10. Brooks’ third argument is that he has suffered double jeopardy because he was separately prosecuted for acts involving a common plan or scheme. This argument is proeedurally barred. Miss.Code Ann. § 99-39-21(1) (Supp.2002). “Failure to address a claim of double jeopardy at trial concludes that issue, it cannot then be raised initially in a motion for post-conviction relief.” Henley v. State, 749 So.2d 246, 249 (¶ 11) (Miss.Ct.App.1999) (citing Mann v. State, 490 So.2d 910, 911 (Miss.1986)). Notwithstanding the bar, the issue is without merit. “Mississippi has long recognized that separate offenses, though committed under a common nucleus of operative fact, does not present a legal impediment to multiple prosecutions under the double jeopardy clause of both the federal and the state constitutions.” Henley, 749 So.2d at 249 (¶ 12) (citing Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) and Lee v. State, 469 So.2d 1225, 1229 (Miss.1985)).
¶ 11. Brooks’ final issue is that he received ineffective assistance of counsel because his trial counsel did not object to the separate indictments. Brooks has not provided this Court with a record indicating counsel’s failure to object. Even if such a record was before this Court, the claim is without merit.
¶ 12. Ineffective assistance of counsel is judged by the standard from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, the defendant must show 1) that counsel’s performance was deficient, and 2) that the deficiency prejudiced the defendant. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). There is a strong but rebuttable presumption that counsel’s performance was reasonable. Id. at 969. To overcome the presumption, the defendant must show that but for counsel’s deficiency, a different result would have occurred. Id. at 968. The reviewing court must examine the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 13. Brooks argues the cocaine sales were part of a common scheme; therefore, he should have been charged in a multi-count indictment. Brooks is incorrect. Separate indictments are the usual practice in Mississippi, while multi-count indictments are exceptional. Mississippi Code Annotated § 99-7-2(1) (Rev.2000) provides the three exceptional situations in which a multi-count indictment may be brought: “(1) the offenses are based on the same act or transaction; or (2) the offenses are based on two (2) or more acts or transactions connected together; or (3) the offenses are based on two (2) or more acts or transactions constituting parts of a common scheme or plan.” Id. A basic tenet of statutory construction is that the word *611 “shall” is a mandatory directive, and the word “may” is discretionary in nature. American Sand and Gravel Co. v. Tatum, 620 So.2d 557, 563 (Miss.1993); Planters Bank & Trust Co. v. Sklar, 555 So.2d 1024, 1027 (Miss.1990). In this case, the State could have brought a multi-count indictment but was not required to do so.
¶ 14. Even if Brooks had been charged in a multi-count indictment, he could have received a separate conviction and sentence for each charge. Under Miss.Code Ann. § 99-7-2(3) (Rev.2000), “when a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction.” Id. See Williams v. State, 757 So.2d 953, 958 (¶ 22) (Miss.Ct.App.1999). Under these circumstances, counsel’s failure to object to the separate indictments was wholly reasonable. Brooks suffered no prejudice because he was eligible for identical sentences whether he was indicted separately or singly. Thus, Brooks has failed to demonstrate ineffective assistance of counsel under Strickland.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
McMILLIN, C.J, KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.