LEE, P.J.,
for the Court.
¶ 1. In January 1993, Kendall Sessums pled guilty to DUI manslaughter and operating a motor vehicle under the influence, causing mutilation. In December 2003, Sessums filed a motion seeking post-conviction relief. The motion was dismissed by the trial court. It is from this dismissal that Sessums now flies his appeal, arguing that his sentence of consecutive terms “for a single unintentional act” exposed him to double jeopardy in violation of the United States Constitution. The State argues that Sessums’s double jeopardy claim is time-barred.
STANDARD OF REVIEW
¶ 2. “In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150(113) (Miss.Ct.App.2002).
DISCUSSION OF THE ISSUE
I. DID THE TRIAL COURT ERR IN DISMISSING SESSUM’S MOTION FOR POST-CONVICTION RELIEF?
¶ 3. The State urges that the trial court properly dismissed Sessums’s motion because the motion was not timely filed. This Court is inclined to agree. Sessums’s double jeopardy claims are procedurally barred. Miss.Code Ann. §§ 99-39-21(1) (Supp.2002). “Failure to address a claim of double jeopardy at trial concludes that issue, it cannot then be raised initially in a motion for post-conviction relief.” Henley v. State, 749 So.2d 246, 249(¶ 11) (Miss.Ct.App.1999) (citing Mann v. State, 490 So.2d 910, 911 (Miss.1986)).
¶ 4. Accordingly, the trial court did not err in dismissing Sessums’s motion for post-conviction relief.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MEYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.