# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00190-COA

QUARTAVEOUS STRICKLAND                                           APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/2014 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | QUARTAVEOUS STRICKLAND (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  MELANIE DOTSON THOMAS |
| | JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     On January 20, 2011, Quartaveous Strickland and two other individuals robbed the Rack & Cue pool hall in Greenville, Mississippi, with a shotgun and a handgun.  Strickland was indicted for three counts of armed robbery and one count of conspiracy.  On November 30, 2012, Strickland pled guilty in the Washington County Circuit Court to all four counts. He was sentenced to twenty years in prison for each count of armed robbery, with fifteen years to serve and five years of post-release supervision (PRS) on each sentence.  He was also sentenced to serve five years in prison for conspiracy, with all sentences running

concurrently.  Finally, Strickland was ordered to pay court costs and state assessments, a $2,500 fine, and $500 to the Crime Victims' Compensation Fund.  Strickland filed a motion for post-conviction relief (PCR), and it was denied by the circuit court.  Aggrieved, Strickland filed this appeal.  Finding no error, we affirm.

## FACTS

¶2.    On January 20, 2011, Strickland and two other individuals entered the Rack & Cue pool hall in Greenville with a shotgun and a handgun.  Strickland forced a store employee, Webber Doris, at gunpoint to give him the money from the cash register and the store's money bag that was hidden in the microwave.  In addition to taking money from Rack & Cue, Strickland and his co-defendants robbed Doris and William Fulton.

¶3.    After being indicted for three counts of armed robbery and one count of conspiracy, Strickland filed a motion to enter a plea of guilty.  A hearing was held on December 10, 2012, and Strickland voluntarily pled guilty to all four counts.  The circuit judge imposed a twenty-year sentence for each count of armed robbery, with fifteen years to serve followed by five years of PRS, and a five-year sentence for the conspiracy charge, with all four sentences running concurrently.

¶4.    On July 30, 2013, Strickland filed a PCR motion.  In his motion, Strickland claimed that he "received a multi-count indictment for [a]rmed [r]obbery . . . which was multiplicitous in nature and therefore invoked the Double Jeopardy Clause of the Fifth Amendment when his indictment charged him with the same [a]rmed [r]obbery three times making this a Triple Jeopardy."

2

**STANDARD OF REVIEW**

¶5. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013) (quoting *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

**ANALYSIS**

¶6. Strickland argues that his sentence is in violation of the Double-Jeopardy Clause because his indictment charged "a single offense in multiple count[s]." However, his argument is procedurally barred. "Failure to address a claim of double jeopardy at trial concludes that issue[;] it cannot then be raised initially in a motion for post-conviction relief." *Brooks v. State*, 832 So. 2d 607, 610 (¶10) (Miss. Ct. App. 2002) (citation omitted). Strickland did not raise a claim of double jeopardy before the lower court. As such, he may not raise this issue on appeal.

¶7. Strickland's claim is not only procedurally barred, but it is also without merit. It is well settled under Mississippi law "that separate offenses, though committed under a common nucleus of operative fact, [do] not present a legal impediment to multiple prosecutions under the [D]ouble[-][J]eopardy [C]lause of both the federal and the state [C]onstitutions." *Id.* In *Henley v. State*, 749 So. 2d 246, 249 (¶12) (Miss. Ct. App. 1999), this Court held:

> Henley and his co-defendant not only committed armed robbery against the
> Pizza Hut restaurant, but also robbed five individuals, placing each of them in

immediate fear of injury with a deadly weapon and depriving each of them of his or her personal property. Under these circumstances, Henley's six count indictment charging six separate crimes of armed robbery against multiple victims, despite their common nucleus, is indicative of Henley's intent to rob each person[,] and therefore, multiple convictions or counts for multiple victims do not violate Henley's protection under double jeopardy.

¶8. The facts of this case are somewhat similar to the facts in *Henley*, in that Strickland and his co-defendants robbed the Rack & Cue as well as two individuals, placing each of them in immediate fear of injury with a deadly weapon and taking their personal property. Therefore, we find that Strickland was properly charged with three counts of armed robbery. Accordingly, Strickland's argument is without merit.

¶9. **THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.**

**LEE, C.J., CARLTON AND JAMES, JJ., CONCUR. IRVING AND GRIFFIS, P.JJ., BARNES, MAXWELL AND FAIR, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**