IRVING, P.J.,
for the Court:
¶ 1. Ronald McDonald, proceeding pro se, appeals from the judgment of the Circuit Court of Hinds County, denying and dismissing his motion for post-conviction relief (PCR). He contends that the circuit court erred in denying the motion because (1) his indictments were fatally defective and resulted in illegal sentences; (2) one of his indictments violated the Double Jeopardy Clause of the United States Constitution and resulted in an illegal sentence; (3) the warrants for his arrest were invalid and resulted in illegal sentences; and (4) the allegedly illegal sentences except his PCR motion from the three-year statute of limitations found in Mississippi Code Annotated section 99-39-5(2) (Rev.2015).
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. During the circuit court’s January 1992 term, a grand jury returned a six-count indictment against McDonald in ease number 92-1-39CRH. That indictment charged him with Count I, kidnaping; Count II, armed robbery; Count III, rape; Count IV, sexual assault; Count V, aggravated assault;’ and Count VI, shooting into a usually occupied building. During the same term, in case number 92-1-43CRH, the grand jury indicted McDonald for two counts of armed robbery, and in case number 92-1-495CRH, the grand jury indicted him for one count of armed robbery.
¶ 4 On July 13, 1992, McDonald pleaded guilty in case number 92-1-39CRH to Counts I-V. That same day, he also pleaded guilty in case numbers 92-1-43CRH and 92-1-495CRH to all counts. The circuit court sentenced him to serve a total of thirty-five years in the custody of the Mississippi Department of Corrections. On August 1, 2013, McDonald filed his PCR motion in the circuit court, attacking each of his convictions, and the circuit court summarily denied and dismissed the motion, finding it untimely and without merit.
*782 DISCUSSION
¶5. “[An appellate court] review[s] the dismissal or denial of a PCR motion for abuse of discretion” and will reverse only if the circuit court’s decision is clearly erroneous. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012) (citing Crosby v. State, 16 So.3d 74, 77 (¶ 5) (Miss.Ct.App.2009)). “When reviewing questions' of law, [the] standard is de novo.” Id. (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). Summary dismissal of a PCR motion is proper “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Rev.2015).

I. Procedural Bars

¶ 6. McDonald argues that his PCR motion is. excepted from the time-bar found in .section 99-39-5(2) because his fundamental right to be free from an illegal sentence was violated. In direct contrast, the State asserts that the motion is time-barred because McDonald failed to prove that his fundamental right was violated.
¶ 7. Section 99-39-5(2) provides:
A motion for relief under this. article shall be made within three ... years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three ... years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three ... years after entry of the judgment of conviction.
¶8. McDonald was convicted in 1992, and he filed his PCR motion approximately twenty-one years later — in 2013; so the motion is obviously time-barred. Also, we note sua sponte that McDonald’s PCR motion runs afoul of Mississippi Code Annotated section 99-39-9(2) (Rev.2015), which sets forth the “one-judgment rule.” Under that section, “[a PCR] motion shall be limited to the assertion of a claim for relief against one ... judgment only[,] [and] [i]f a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.” Id. However, as discussed below, procedural bars notwithstanding, we also find that the motion is without merit. •

II. Defective Indictment: Case Number 92-1-86CRH

¶ 9. McDonald argues that the charges set forth in his indictments were “manufactured” by the State in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 3, Section 27 of the Mississippi Constitution. He also argues that the indictment in case number 92-1-39CRH did not comply with Rule 7.06 of the Uniform Rules of Circuit and County Court Practice because it failed to set forth the essential facts constituting the offenses, that he, was charged with, and it failed to notify him of the nature and cause of those charges. More specifically, McDonald argues that under Count I, the State omitted an essential element of the crime of kidnaping by failing to allege that he had “willfully” and “feloniously” committed that crime. According to him, the State’s failure to include that language “deprived the [circuit] court of its jurisdiction[.]”
¶10. As, to Counts II-V, McDonald argues that the. State failed to identify the charging statute, thereby failing to charge him with a violation of the laws of this state and depriving the circuit court of jurisdiction. In response, the State argues that the indictment adequately provided the factual basis for and the legal elements of the crimes McDonald *783 was charged with. The State also argues that by pleading guilty, McDonald waived his challenges to any nonjurisdictional defects in the indictment.
¶ 11. The indictment in case number 92-1-39CRH alleged that McDonald did:
Count [I]
without authority of law, forcibly seize and confine ... a human being[ ] with thé intent to cause [her] to be Secretly confined or imprisoned against her will, in violation of [Mississippi Code Annotated] [section 97-3-53 [ (Rev.2014);]
Count [II]
wil[l]fully, unlawfullyU and feloniously take from the per son. and from the presence of [the same individual identified under Count I] certain personal property, to-wit: [o]ne ... gold herringbone necklace, [o]ne ... St. Andrews 1989 class ring, [o]ne ,.. gold initial ring, [o]ne ... gold ring with [four] emeralds and [two] diamonds, [o]ne ... gold ring with [four] sapphires and [two] diamonds, or any property, a more particular description being to the [g]rand [j]ury" unknown, being then and there the property of [the individual], against the will of the said [individual,] by putting the said [individual] in fear of immediate injury to [her] person by the exhibition of a certain deadly weapon, to-wit: a gun[;]
Count [III]
wil[l]fully, unlawfully, feloniouslyU and forcibly rape and ravish [the- same individual identified under Count I], a female fourteen years of age or above, without [her] consent and against [her] will[;]
Count [IV]
wil[l]fully, unlawfullyU and feloniously engage in sexual penetration [of the same individual], a human being, without her consent, by penetrating the anal opening of, [the individual;]
Count [V]
unlawfully and feloniously [and] purposely or knowingly cause bodily injury to [the same individual], a human being, with a certain deadly weapon, to-wit: a gun, by ... shooting the said [individual] with said gun[;] [and]
Count [VI]
wil[l]fully, unlawfullyU and feloniously shoot or discharge a pistol into a building usually occupied by persons, to wit: the Shell Service StationU
¶ Í2. “The primary purpose of an indictment is to notify a defendant of the charges against him so as to allow him to prepare án adequate defense.” Evans v. State, 916 So.2d 550, 551 (¶ 5). (Miss.Ct.App.2005) (citing Lewis v. State, 897 So.2d 994, 996 (¶ 9) (Miss.Ct.App.2004)). Rule 7.06 provides:
The indictment upon which the defendant is to be tried shall be a plain, conciseU and definite written statement of the^ essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are .not necessary in an indictment, if the offense, can be substantially described without them. An indictment shall also include the following:
1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the' prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial. district in which the indictment is brought;
.5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to *784 state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words “against the peace and dignity of the state.”
¶ 13. Here, the indictment complied with Rule 7.06. The face of the indictment reveals that it was filed on February 10, 1992. Also, the content of the indictment reveals: (1) the name of the sovereign (Mississippi) by and in which the indictment was brought, (2) the county and judicial district in which the indictment was brought, and (3) the date of the commission of the crimes alleged in the indictment and the required words — “against the peace and dignity of the State of Mississippi.” Additionally, the indictment was signed by the grand-jury foreman. It provided McDonald with sufficient notice of the crimes against him. Therefore, the indictment was not fatally defective, and circuit court was not deprived of jurisdiction. This issue is without merit.

III. Double Jeopardy: Case Number 92-1-ISCRH

¶ 14. McDonald argues that the indictment in case number 92-1-43CRH, which, as noted, charged him with two counts of armed robbery, constituted double jeopardy “due to the fact that it charged [him] with committing two ... [separate] armed robberies upon the same person ... at the same alleged time and place.” He insists that the indictment was fatally defective and deprived the circuit court of jurisdiction, and that, as a result, his armed-robbery convictions should be vacated. In the alternative, he argues that at least one of the convictions should be vacated. In response, the State insists that the indictment did not constitute double jeopardy because McDonald was charged with two separate offenses that involved two separate victims.
¶ 15. The indictment states:
[McDonald did:]
Count [I]
wil[l]fully, unlawfullyf,] and feloniously take from the person and from the presence of [a person], certain personal property, to-wit: approximately [fifteen dollars], good and lawful money of the United States of America, or any property, a more particular description being to the [g]rand [j]ury unknown, being ... the property of [the individual], against the will of the said [individual], by putting him in fear of immediate injury to his ... person by the exhibition of a certain deadly weapon, to-wit: a gun[;] [and]
Count [II]
wil[l]fully, unlawfullyU and feloniously take from the person and from the presence of [the same person identified under Count I] certain personal property, to-wit: approximately [forty-five dollars], good and lawful money of the United States of America, six pizzas, or any property, a more particular description being to the [g]rand [j]ury unknown, being ... the property of National Pizza Company, a Kansas Corporation, d/b/a Pizza Hut, against the will of the [individual], by putting the said [individual] in fear of immediate injury to his ... person by, the exhibition of a certain deadly weapon, to-wit: a gun[.]
¶ 16. In Graves v. State, 969 So.2d 845, 847 (¶ 8) (Miss.2007) (internal citations and quotation marks omitted), the Mississippi Supreme Court stated:
To determine whether double-jeopardy protections apply, we look to the “same-elements” test prescribed by the United States Supreme Court in Blockburger v. *785 United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Blockbur-ger test instructs us to determine whether each offense contains an element not present in the other; if not, they are labeled the same offense for double-jeopardy purposes, and successive prosecutions and/or punishments are constitutionally barred.
¶ 17. In a case similar to the one now before the Court, Strickland v. State, 165 So.3d 550, 551 (¶ 2) (Miss.Ct.App.2015), the defendant was indicted for and convicted of three counts of armed robbery after he and two other individuals robbed a pool hall using a shotgun and a handgun. The defendant also robbed two people who were inside the establishment. Id. After his conviction, the defendant filed a PCR motion, arguing that his indictment violated the Double Jeopardy Clause because it “charged him with the same armed robbery three times[.]” Id. at (¶ 4). The trial court denied the motion, and the defendant appealed. Id. at (¶ 1). On appeal, this Court found that the issue was procedurally barred because the defendant had failed to raise it in the trial court. Id. at 552 (¶ 6). Relying on Henley v. State, 749 So.2d 246 (Miss.Ct.App.1999), we also found that because the defendant had “robbed [the pool hall] as well as two individuals, placing each of them in immediate fear of injury with a deadly weapon and taking their personal property!,]” he was “properly charged with three counts of armed robbery.” Strickland, 165 So.3d at 552 (¶ 8).
¶ 18. In Henley, the defendant and his codefendant were charged with six counts of armed robbery of a Pizza Hut restaurant, and the defendant pleaded guilty to four of those counts. Henley, 749 So.2d at 247 (¶ 2). He later filed a PCR motion arguing, among other things, that his armed-robbery convictions violated- the Double Jeopardy Clause. Id. at 249 (¶ 10). After the trial court denied the motion, the defendant appealed. Id. at 247 (¶ 3). On appeal, we found that the defendant’s double-jeopardy claims were procedurally barred because he had failed to raise the issue during his guilty-plea proceedings. Id. at 249 (¶ 10). We also found that the issue was without merit because “[the defendant had] not only committed armed robbery against the Pizza Hut restaurant, but also robbed five individuals!,] placing each of them in immediate fear of injury with a deadly weapon and depriving ... them of their personal property.” Id. at (¶ 12). In Henley, citing Lee v. State, 469 So.2d 1225 (Miss.1985), we concluded:
Under these circumstances, Henley’s six[-]count indictment!,] charging six separate crimes of armed robbery against multiple victims, despite their common nucleus, is indicative of Henley’s intent to rob each person and, therefore, multiple convictions or counts for multiple victims do not violate Henley’s protection under double jeopardy.
Henley, 749 So.2d at 249 (¶ 12).
¶ 19. In Lee, 469 So.2d at 1228, the Mississippi Supreme Court noted that “separate acts though committed close in point of time to one another may constitute separate criminal offenses.” Our supreme court found that “[t]he [D]ouble [J]eopar-dy [C]lause of neither the Federal nor the State Constitution presents a legal impediment to the State’s mounting two separate prosecutions, even where, as here, the two offenses arise out of a common nucleus of operative fact.” Id. at 1229 (citations omitted).
¶ 20. Based on Strickland and Henley, we find that this issue is procedurally barred because, like the defendants in those cases, McDonald failed to raise this issue in the circuit court. Notwithstanding the procedural bar, we find that this issue *786 lacks merit because McDonald was properly indicted for the armed robbery of the individual identified in the indictment and for the armed robbery of the Pizza Hut restaurant. The fact that the robberies occurred “at the same alleged time and place” is of no consequence. This issue is without merit.
TV Defective Arrest Warrants
■ ¶ 21. McDonald argues that in each case, the State failed to issue and serve him with an arrest warrant that was signed by the Hinds County Sheriff, thereby depriving the circuit court of jurisdiction. In response, the State contends that by pleading guilty to the charges, McDonald waived any argument regarding the defective arrest warrants. We agree with the State, as “[a] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.” Logan v. State, 771 So.2d 970, 972 (¶ 6) (Miss.Ct.App.2000). This issue is without merit. Accordingly, we affirm.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING AND DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.