BARNES, J.,
 

 for the Court.
 

 ¶ 1. Karl Hunt, appearing pro se, appeals the Circuit Court of Lee County’s denial of his motion for post-conviction relief. We find no error and affirm the circuit court’s decision.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On June 5, 2007, Hunt pleaded guilty in the Lee County Circuit Court to the sale of cocaine to two individuals in violation of Mississippi Code Annotated section 41-29-139(a) (Rev.2005). This case involves two causes. For cause number CR06-798, the trial court judge sentenced Hunt to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with twelve years suspended, followed by five years of post-release supervision and ordered him to pay court costs and a fine. For cause number CR06-799, Hunt was sentenced to thirty years in the custody of the MDOC, with thirty years suspended, conditioned upon his committing no other offense and his compliance with the terms of his post-release supervision in cause number CR06-798. The sentence in CR06-799 was ordered to run consecutively to the sentence in CR06-798.
 

 ¶ 3. In January 2008, Hunt filed a timely motion for post-conviction relief in the Lee County Circuit Court. On February 1, 2008, the trial court denied Hunt’s motion.
 
 [1]
 
 
 *766
 
 His notice of appeal, seeking review of the February 1 order, was stamped “filed” by the circuit court clerk on March 26, 2008. On appeal, Hunt makes the same arguments as in his initial January 2008 motion before the trial court: his indictments and capias were defective, and he received ineffective assistance of counsel.
 

 STANDARD OF REVIEW
 

 ¶ 4. Factual findings by the trial court regarding the denial of post-conviction relief will not be altered unless they are found to be clearly erroneous.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999). Questions of law are reviewed de novo.
 
 Id.
 

 ANALYSIS
 

 1. .Jurisdiction
 

 ¶ 5. We note that Hunt’s notice of appeal was not received by the trial court for filing within thirty days of entry of the trial court’s judgment. The trial court denied Hunt’s initial post-conviction relief motion on February 1, 2008, and Hunt’s notice of appeal was stamped “filed” by the circuit court clerk on March 26, 2008, but the notice is otherwise without a date.
 
 [2]
 
 Mississippi Rule of Appellate Procedure 4(a) requires that “the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” Generally, an appeal shall be dismissed unless the notice of appeal is timely filed pursuant to Rule 4 or 5. M.R.A.P. 2(a)(1). However, post-conviction relief petitions are governed by Mississippi Rule of Appellate Procedure 2(c), whereby this Court in a particular case may suspend the requirements of the appellate rules in the interest of justice. Specifically, this Court may suspend Rule 4(a) to allow an out-of-time appeal in criminal cases.
 
 [3]
 
 While the State has not challenged appellate jurisdiction, we must determine whether jurisdiction exists. The prison mailbox rule states, in pro se post-conviction relief proceedings, the prisoner’s motion is considered delivered for filing when the prisoner gives the documents to prison officials for mailing.
 
 Sykes v. State,
 
 757 So.2d 997, 1000-01(¶ 14) (Miss.2000). The State bears the burden of proving the prisoner’s notice of appeal was untimely filed.
 
 Melton v. State,
 
 930 So.2d 452, 455(¶ 8) (Miss.Ct.App.2006).
 

 ¶ 6. The State has not attempted to meet this burden, and there is no indication in the record when Hunt delivered his documents to prison officials. As discussed, this Court may suspend the appellate rules in the interest of justice. M.R.A.P. 2(c). Because we do not know when Hunt delivered his notice of appeal to prison officials for mailing, nor do we know when Hunt received notice of the trial court’s ruling on his motion for post-conviction relief, we exercise our discretion under Rule 2(c) to suspend the thirty-day requirement to the extent Hunt’s filing may have been untimely filed under the prison mailbox rule. Accordingly, we find jurisdiction proper and shall address Hunt’s appeal on the merits.
 

 
 *767
 

 2.Indictments
 

 ¶ 7. Hunt contends the indictments for cause numbers CR06-798 and CR06-799 are defective in that they violate the requirements for validity under Mississippi Code Annotated section 99-7-9 (Rev.2007) and Mississippi Uniform Rule of Circuit and County Court 7.06. Specifically, he claims that the indictments upon which he was convicted are not reflected in the record as the ones returned by the grand jury because: they were not signed by the grand jury foreman prior to the adjournment of the court and were not marked “filed and recorded”; the record does not contain the minutes of the grand jury; there is no proof of the number of grand jurors present; and there was no affidavit by the grand jury foreman. Hunt also claims he was thereby prejudiced in his ability to enter a voluntary and knowing guilty plea. He concludes that the trial court lacked jurisdiction to accept his guilty plea; so his conviction and sentence should be withdrawn.
 

 ¶ 8. Regarding the presentment of indictments, section 99-7-9 states:
 

 All indictments and the report of the grand jury must be presented to the clerk of the circuit court by the foreman of the grand jury or by a member of such jury designated by the foreman, with the foreman’s name endorsed thereon, accompanied by his affidavit that all indictments were concurred in by twelve (12) or more members of the jury and that at least fifteen (15) were present during all deliberations, and must be marked “filed,” and such entry be dated and signed by the clerk.
 
 It shall not be required, that the body of the grand jury be present and the roll called. An entry on the minutes of the couH of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment.
 

 (Emphasis added). The Mississippi Supreme Court has held that the “legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the indictment is fully established by the signing thereof on the part of the foreman and the marking of it ‘filed’ by the clerk of the court.”
 
 McCormick v. State,
 
 377 So.2d 1070, 1074 (Miss.1979) (quoting
 
 Temple v. State,
 
 165 Miss. 798, 805-06, 145 So. 749, 751 (1933)). Hunt attached to his motion for post-conviction relief copies of the two indictments which, on the second page, are not signed by the foreman of the grand jury, dated by the clerk, or designated when filed. However, the record does contain copies of both indictments that are complete with signatures by the grand jury foreman and the signature and date “filed and recorded” of October 20, 2006, by the court clerk, thereby fulfilling the statutory requirements for presentment of an indictment.
 

 ¶ 9. Regarding the form of an indictment, Rule 7.06 requires an indictment to have:
 

 1. The name of the accused;
 

 2. The date on which the indictment was filed in court;
 

 3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
 

 4. The county and judicial district in which the indictment is brought;
 

 5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date will not render the indictment insufficient;
 

 6. The signature of the foreman of the grand jury issuing it; and
 

 
 *768
 
 7. The words “against the peace and dignity of the state.”
 

 All of the above requirements are present in the two indictments contained in the record.
 

 ¶ 10. Additionally, Hunt entered a valid guilty plea, which operates as a waiver of all non-jurisdictional defects contained in an indictment, or information, against a defendant.
 
 Reeder v. State,
 
 783 So.2d 711, 720(¶ 36) (Miss.2001) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1352 (Miss.1990)). Other than constitutional issues, there are two exceptions where a voluntary guilty plea does not waive a defect: (1) if an indictment fails to charge an essential element of the crime, or (2) the court has no subject matter jurisdiction.
 
 Kincaid v. State,
 
 711 So.2d 873, 877(¶ 20) (Miss.1998) (citing
 
 Jefferson v. State,
 
 556 So.2d 1016, 1019 (Miss.1989)). Here, the alleged errors in Hunt’s indictment are non-jurisdictional, and none of the exceptions apply. Thus, the alleged errors are waived. Furthermore, the record contains copies of properly signed and dated indictments for both causes, wherein all requirements of section 99-7-9 and Rule 7.06 are met. Accordingly, we find that Hunt’s indictments are not defective.
 

 3. Capias
 

 ¶ 11. Hunt also claims that his capias was defective as it was not signed by the court clerk or the sheriff. Attached to Hunt’s motion for post-conviction relief is a capias that is neither signed nor dated by the court clerk or the sheriff. Further, we find no copy of the original capias in the record. Regardless, as stated above, the entry of a valid guilty plea operates as a waiver of all non-jurisdictional defects contained in an indictment or information against the defendant.
 
 Reeder,
 
 783 So.2d at 720(¶ 36) (citing
 
 Brooks,
 
 573 So.2d at 1352). In
 
 Roby v. State,
 
 861 So.2d 368, 371 (¶¶ 10-11) (Miss.Ct.App.2003), this Court held that an unsigned arrest warrant, general affidavit, and indictment which lacked signatures of a judge were “non-jurisdictional defects at best.” Thus, an unsigned capias is a non-jurisdictional defect. We find this issue without merit.
 

 A
 
 Ineffective Assistance of Counsel
 

 ¶ 12. Hunt argues that because his counsel failed to object to the allegedly defective indictment, his counsel was ineffective. To be successful in a claim for ineffective assistance of counsel, the defendant must prove that his counsel’s performance was deficient, and the deficient performance prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of the
 
 Strickland
 
 analysis remains the same when the case involves a guilty plea.
 
 Hannah v. State,
 
 943 So.2d 20, 24(¶ 7) (Miss.2006). Regarding the second prong, Hunt must show that there is a reasonable probability that but for his counsel’s alleged errors, he would not have entered a guilty plea, would have gone to trial, and the result would have been different.
 
 Id.
 
 We base our decision on whether counsel’s actions were effective in the totality of the circumstances surrounding each case.
 
 Swington v. State,
 
 742 So.2d 1106, 1114(¶22) (Miss.1999) (citation omitted).
 

 ¶ 13. Hunt’s argument centers around the failure of his attorney to object to the indictments, which Hunt claims are “fatally defective.” As discussed above, Hunt’s indictments were not defective; so there was no reason for defense counsel to object. Since Hunt has failed to advance any other argument that his counsel’s performance was ineffective, his contention is without merit.
 

 • ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY
 
 *769
 
 DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . In March 2008, Hunt filed a second motion for post-conviction relief, which was signed by Hunt on March 7, 2008, and filed with the trial court on March 18, 2008. The trial
 
 *766
 
 court denied this second motion on March 26, 2008, deeming it procedurally barred as a successive motion. The appeal of this second motion is not currently before the Court.
 

 [2]
 

 . We note that other documents in the record associated with Hunt's appeal, such as his designation of records and affidavit of poverty, are all signed and dated March 21, 2008.
 

 [3]
 

 . While post-conviction relief motions are technically "civil” actions, they are governed by the rules of criminal appeals; therefore, they are considered criminal actions for purposes of this rule.
 
 See
 
 M.R.A.P. 4 cmt.