# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01326-COA

KEVIN BROWN A/K/A KEVIN GLEN BROWN                APPELLANT

v.

STATE OF MISSISSIPPI                                       APPELLEE

DATE OF JUDGMENT:            08/21/2014
TRIAL JUDGE:                HON. PAUL S. FUNDERBURK
COURT FROM WHICH APPEALED:  PONTOTOC COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    KENNETH HAROLD COGHLAN
                            STUART SHEFFIELD DAVIS
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:    MOTION FOR POST-CONVICTION RELIEF
                            DISMISSED
DISPOSITION:                AFFIRMED - 03/08/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND WILSON, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     On March 6, 2014, Kevin Brown filed a motion for post-conviction relief (PCR) with the Pontotoc County Circuit Court, alleging several claims of error surrounding his entry of a guilty plea for fondling on July 22, 2008. The circuit court dismissed Brown's motion, finding that it was procedurally time-barred and without merit. Brown appeals the court's dismissal of his motion. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 22, 2008, Brown pleaded guilty to fondling in Count I of Pontotoc Cause No.

CR08-134. As part of a plea agreement, he was sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC).[1] At the same hearing, Brown also pleaded guilty to two drug charges in Pontotoc Cause No. CR07-213: Count I, possession of precursors to manufacture methamphetamine; and Count II, possession of methamphetamine, a Scheduled II controlled substance in an amount greater than 30 grams.[2] He was sentenced to thirty years in the custody of the MDOC for Count I, with the sentence to run concurrently with a sentence he was already serving in Lee County Cause No. 07-790[3] and the ten-year sentence for fondling (Cause No. CR08-134). For Count II, he was sentenced to twenty years in the custody of the MDOC, with the sentence to be suspended and run consecutively to the thirty-year sentence imposed in Count I of the same cause (CR07-213).

¶3. On March 6, 2014, Brown filed a PCR motion, solely challenging his fondling conviction and sentence. In the motion, he alleged that "advice/inducement by [his] attorney constituted ineffective assistance of counsel," that his plea was not given knowingly or voluntarily, and that there was no factual basis for the plea. The circuit court dismissed

---

[1] *See* Miss. Code Ann. § 97-5-23 (Rev. 2006). Brown was indicted on two counts of fondling, but Count II was retired to the files as part of the plea agreement. A final order of conviction was entered on the day of the hearing.

[2] A third count was retired as part of a plea agreement. The drug charges are unrelated to Brown's conviction for fondling.

[3] Brown had previously entered a guilty plea to conspiracy to manufacture methamphetamine in Lee County Cause No. CR07-790 and was sentenced to twenty years, with eight years to be served in the custody of the MDOC, and twelve years suspended.

Brown's PCR motion, finding that all but one issue was time-barred under Mississippi Code Annotated section 99-39-5 (Supp. 2014), and each of the grounds raised by Brown were "without legal or factual basis."

## STANDARD OF REVIEW

¶4.     "When reviewing the dismissal of a PCR motion, an appellate court 'will not disturb the circuit court's factual findings unless they are found to be clearly erroneous.'" *Rivers v. State*, 136 So. 3d 1089, 1090 (¶4) (Miss. Ct. App. 2014) (quoting *Callins v. State,* 975 So. 2d 219, 222 (¶8) (Miss. 2008)).  Questions of law are reviewed de novo.  *Id*. (citing *Young v. State,* 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

## DISCUSSION

### I.     Whether Brown's counsel rendered ineffective assistance.

¶5.     Brown asserts that his attorney at the plea hearing rendered ineffective assistance by: (1) inducing Brown to enter a guilty plea based on counsel's advice he would be parole-eligible for his two unrelated drug cases (Cause No. CR07-213) after serving his ten-year sentence (Cause No. CR08-134); (2) inducing Brown to plead guilty by advising him he would be eligible for trusty time, good time credits, earned release time, and other good time credits on the two drug sentences while serving his ten-year sentence; (3) failing to advise him that his ten-year sentence would be served "day for day" without possible of early release or parole; and (4) failing to conduct discovery, investigate the fondling charge, and

3

object to the defective indictment.[4]

¶6. On its face, Brown's PCR motion, filed almost six years after the entry of his conviction on July 22, 2008, is time-barred. Section 99-39-5 of the Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that challenges to a guilty plea must be made within three years after the entry of the judgment of conviction. Excepted from this three-year statute of limitations are cases in which the petitioner can demonstrate either (1) "there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence"; or (2) "that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence[.]" Miss. Code Ann. § 99-39-5.

¶7. The Mississippi Supreme Court has also held that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars" of the UPCCRA. *Rowland v. State,* 42 So. 3d 503, 506 (¶9) (Miss. 2010). Prior to *Rowland*, the supreme court had noted that "[i]t is conceivable that under the facts of a particular case, . . . a lawyer's performance [may be found] so deficient, and so prejudicial to the defendant, that the defendant's fundamental constitutional rights were violated." *Bevill v. State*, 669 So. 2d 14, 17 (Miss.

---

[4] Although Brown asserts six separate issues on appeal, four of them concern claims of ineffective assistance of counsel. Therefore, we will consolidate these four issues for purposes of our analysis.

1996).  Although the supreme court has not held under *Rowland* that all ineffective-assistance claims are exempt from procedural bars, the Court has recently concluded that under "extraordinary circumstances" (i.e., "lack of a direct appeal, lack of a court record, his attorney's alleged failure to obtain a transcript, lack of appellate review of the merits of his claims"), trial counsel's failure "to ensure [the] defendant c[ould] adequately appeal his conviction" excepted his PCR motion from the statutory time-bar.  *Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10-13) (Miss. 2015).

¶8.     Here, the circuit court examined the record and found Brown failed to establish a basis for his claims of ineffective assistance of counsel; thus, it concluded that Brown's claims were time-barred.  We agree.  To prevail on a claim of ineffective assistance of counsel, Brown must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness"; and (2) that but for his attorney's errors, there is a "reasonable probability" the outcome of the proceeding would have been different. Hannah v. State, 943 So. 2d 20, 24 (¶6) (Miss. 2006) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)).  In the context of his guilty plea, he "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different."  *Id.* at (¶7).  "[A] reasonable probability arises when the ineffectiveness is of such sufficient moment that the integrity of the proceeding or our confidence in the outcome has been shaken."  *Id.* (citing *Leatherwood v. State,* 539 So. 2d 1378, 1385 (Miss. 1989)).

¶9. Although Brown does not directly challenge his convictions for the two unrelated drug charges, Brown contends that he only pleaded guilty to the charge of fondling because his attorney told him he would be eligible for parole on those two sentences after serving his ten-year sentence for fondling. Brown also claims that he was informed by his counsel that he would be eligible for good time credit, trusty time, and earned release time. To support this claim, he submitted not only a personal affidavit, but affidavits from his mother and father, who said they were present when the attorney made these statements to Brown.

¶10. However, Mississippi Code Annotated section 47-7-3(1)(b) (Supp. 2008 & Rev. 2015) states that "[a]ny person who shall have been convicted of a sex crime shall not be released on parole except for a person under the age of nineteen (19) who has been convicted under Section 97-3-67[.]" Mississippi Code Annotated section 47-5-139(1)(d) (Supp. 2008 & Rev. 2015) provides that "[a]n inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was convicted of a sex crime[.] Thus, Brown is not eligible for parole or earned time allowance.

¶11. Brown claims that he would not have entered his guilty plea for fondling if his attorney had not made these misrepresentations. Our supreme court has stated that a defendant entering a guilty plea cannot be promised parole, holding:

> It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility[,] the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a "consequence" of a plea of guilty, but a matter of legislative grace. It is

6

equally true that noneligibility for parole is not a "consequence" of a plea of guilty.

*Alexander v. State*, 605 So. 2d 1170, 1173-74 (Miss. 1992) (quoting *Ware,* 379 So. 2d 940, 907 (Miss. 1980)).  But our Court has recognized that erroneous advice by counsel to a defendant that he would be eligible for parole "constitutes deficient performance." *Garner v. State*, 928 So. 2d 911, 915 (¶14) (Miss. Ct. App. 2006) (citing *Thomas v. State*, 881 So. 2d 912, 917-18 (¶16) (Miss. 2004)).  The defendant must further prove, however, that but for the incorrect advice, he would not have pleaded guilty.  *Id*.

¶12.    In *Holliman v. State*, 129 So. 3d 937, 940 (¶¶4-6) (Miss. Ct. App. 2013), Joshua Holliman, who was charged with six felony drug counts, entered a guilty plea to two of the charges through a negotiated plea agreement, and was sentenced to "essentially ten years, instead of fifty-seven as mandated by statute."  In his PCR motion, he presented an ineffective-assistance-of-counsel claim based on his attorney's representation that he would only serve five years of the ten-year sentence. This Court held that Holliman's "incredibly lenient plea deal, which essentially resulted in a ten-year sentence, when [he] faced mandatory sentences of over fifty years, weighs heavily against finding injustice in the denial of his ineffective-assistance-of-counsel claim." *Id*. at 943 (¶24).  Similarly, the record here clearly indicates that Brown's entry of his plea of guilty for fondling was part of a negotiated plea agreement, which afforded him reduced sentencing.  At the plea hearing, the circuit judge informed Brown of the maximum sentences allowed by law that could be imposed for each of the three counts in Cause Nos. CR07-213 and CR08-134.  Brown responded that he

7

was aware the court could impose a maximum sentence of seventy-five years in the custody of the MDOC for the three counts to which he was pleading guilty. When asked by the circuit court whether he was promised anything in order to make him enter his guilty plea, Brown replied "No, sir." Thus, Brown's current claims contradict his sworn testimony at the hearing. *See Steen v. State*, 868 So. 2d 1038, 1041 (¶14) (Miss. Ct. App. 2004) (holding our Court "is entitled, to place great weight upon the sworn testimony of a defendant given at a plea hearing . . . . even where the defendant now raises assertions to the contrary." (citing *Templeton v. State,* 725 So. 2d 764, 767-68 (¶11) (Miss. 1998))).

¶13.     Accordingly, we find Brown's claims of ineffective assistance of counsel regarding these two issues are without merit and time-barred.

¶14.     Brown also asserts that his counsel rendered ineffective assistance by failing to inform him that his ten-year sentence for fondling would be served "day for day." Yet, as the circuit court noted in its order dismissing the PCR motion, Brown's affidavit specifically indicated that he expected to serve the full ten-year sentence, stating: "[M]y attorney told me that I would [be] eligible for parole on all of the drug charges *after* serving the [ten-]year fondling sentence[.]" (Emphasis added). At the guilty plea hearing, Brown was explicitly informed of the State's recommended sentence of ten years for the fondling charge. Brown stated that he understood the sentence, he understood that the charge carried a maximum sentence of fifteen years, and he wished to enter a guilty plea. No mention was made of parole or early release. Therefore, we find that Brown has failed to show that, had counsel informed him

8

that he would serve the full ten-year sentence, the outcome would have different.

¶15.    We also find no merit to Brown's contention that his attorney rendered ineffective assistance by failing to investigate or conduct discovery on the charge of fondling. "Allegations of ineffective assistance of counsel must be made with specificity and detail." *Thomas v. State*, 881 So. 2d 912, 918 (¶18) (Miss. Ct. App. 2004) (citing *Garner v. State,* 864 So. 2d 1005, 1008 (¶13) (Miss. Ct. App. 2004).  To establish that defense counsel's failure to investigate was ineffective assistance, "a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course."  *King v. State,* 503 So. 2d 271, 275 (Miss. 1987).  Brown has not alleged with any specificity how his counsel's alleged failure to investigate would have resulted in a different outcome.

¶16.    As the circuit court observed in dismissing Brown's motion, even if counsel's performance was deemed to be deficient, Brown "cannot satisfy the second prong of the *Strickland* test."  Because Brown has not demonstrated that, but for his attorney's errors, there is a "reasonable probability" the outcome of the proceeding would have been different, we find these issues are procedurally barred by the applicable three-year statute of limitations.

### II.    Whether Brown's plea was voluntarily or knowingly given.

¶17.    Brown argues that counsel failed to inform him that his fondling sentence would be served "day for day," and contends that because of this failure, his plea was not knowingly, voluntarily, and intelligently given.  "When reviewing the voluntariness of guilty plea, we

9

'will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.'" *Dockery v. State,* 96 So. 3d 759, 763 (¶17) (Miss. Ct. App. 2012) (quoting *Walton v. State,* 16 So. 3d 66, 70 (¶8) (Miss. Ct. App. 2009)).

¶18. As noted in the prior issue, Brown's affidavit indicated that he expected to serve his full ten-year sentence. Furthermore, Brown's plea colloquy shows the circuit judge thoroughly advised him of the various constitutional rights he was waiving by pleading guilty, and that his plea was knowingly and intelligently entered. Where a judge advises a defendant of his rights, the nature of the charges, and the consequences of the plea, a guilty plea is determined to be "voluntarily and intelligently given." *Id*. Therefore, we find Brown's voluntariness claim is not excepted from the time-bar.

### III. Whether Brown was advised of the charges against him and whether there was a factual basis for his plea.

¶19. Brown asserts that the indictment for Cause No. CR08-134 was not sufficiently specific and failed to allege a specific act or place where the touching/fondling occurred. As Brown is effectively arguing that his indictment was defective, we find the claim is procedurally barred from consideration. "Claims alleging defective indictment are . . . barred when a motion for post-conviction relief is not filed within the three-year time limitation." *Edwards v. State*, 90 So. 3d 637, 642 (¶12) (Miss. Ct. App. 2012) (quoting *Barnes v. State,* 949 So. 2d 879, 881 (¶8) (Miss. Ct. App. 2007)).

¶20. Brown further argues there was no factual basis for his plea. As we have noted:

A factual basis is an essential part of the constitutionally valid and enforceable

decision to plead guilty. This factual basis cannot simply be implied from the fact that the defendant entered a plea of guilty. Rather, there must be an evidentiary foundation in the record which is sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal.

*Walton v. State*, 165 So. 3d 516, 528 (¶46) (Miss. Ct. App. 2015) (quoting *Austin v. State,* 734 So. 2d 234, 236 (¶7) (Miss. Ct. App. 1999)). At the plea hearing, the prosecutor read Count I of the indictment (Count II was dismissed) into the record, which provided that Brown:

> In said country and state between the 23rd day of September, A.D., 1998 and the 23rd day of September 2003[,] being a person above the age of 18 years, having a date of birth of February 10, 1975, did willfully, unlawfully, and feloniously for the purpose of gratifying his lust of indulging his deprave licentious sexual desires, handle, touch or rub with his hands or other parts of his body, the body of [victim,] a child under the age of sixteen (16) years, a date of birth of September 23, 1993, in violation of Miss[issippi] Code Ann[otated section] 97-5-23.

The judge asked Brown if he understood the charge and if he was guilty of the offense. Brown responded to both questions, "Yes, sir." As stated in the circuit court's order dismissing Brown's motion, "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." *Lewis v. State*, 48 So. 3d 583, 587 (¶8) (Miss. Ct. App. 2010). We find the record contains an adequate factual basis to support Brown's guilty plea for fondling.

¶21. Accordingly, we find no error in the circuit court's dismissal of Brown's PCR motion and affirm.

¶22. **THE JUDGMENT OF THE PONTOTOC COUNTY CIRCUIT COURT**

11

**DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**