BARNES, P.J., FOR THE COURT:
¶ 1. Demario Walker, appearing pro se, appeals the judgment of the Circuit Court of Rankin County, which dismissed his motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In May 2014, Walker was indicted for felony false pretense under Mississippi Code Annotated section 97-19-39 (Rev. 2014). Walker was assigned a public defender and on August 1, 2016, entered an open plea of guilty to the charge. The factual basis of the plea showed that in October 2013, Walker defrauded Pop's Auto Sales LLC, by providing a fraudulent check for approximately $11,000 to purchase a 2005 Chrysler vehicle. Walker was sentenced to serve ten years in the custody of the Mississippi Department of Corrections, with eight years of incarceration and two years of post-release supervision. Walker was sentenced as a non-habitual offender, even though this crime was his ninth non-violent felony.[1] This sentence runs consecutively to other sentences Walker was serving at the time of his plea.
¶ 3. In September 2016, Walker filed a PCR motion, claiming a defective indictment, denial of counsel, ineffective assistance of counsel, an involuntary guilty plea, an illegal sentence, and lack of jurisdiction.
*792 In September 2017, the trial court entered an order dismissing Walker's PCR motion, noting that none of his grounds for relief stated in his PCR motion were made at the time of his plea or sentencing; therefore, the claims are procedurally barred under Henley v. State , 749 So.2d 246 (Miss. Ct. App. 1999). Walker timely appealed.
STANDARD OF REVIEW
¶ 4. This Court reviews the trial court's dismissal of a PCR motion under an abuse-of-discretion standard. Questions of law, however, are reviewed de novo. Castro v. State , 159 So.3d 1217, 1219 (¶ 6) (Miss. Ct. App. 2015).
ANALYSIS
¶ 5. The trial court summarily dismissed Walker's claims because they did not involve a violation of Walker's fundamental rights, and his failure to raise related "objections, defenses, claims, questions, issues, or errors in either fact or in law" at his plea and sentencing hearings operates as a waiver and procedural bar to raising them later in a PCR motion. See Henley , 749 So.2d at 249 (¶ 11). While we agree with the summary dismissal, we provide further analysis, as failure to make the objections and defenses might impact Walker's ineffective-assistance-of-counsel claims. In some circumstances, these claims may implicate a violation of a fundamental constitutional right under Rowland v. State , 42 So.3d 503 (Miss. 2010).[2]
I. Defective Indictment
¶ 6. Walker contends his indictment was defective because it failed to include the elements of injury, detriment, or loss to Pop's Auto Sales, which he claims are essential elements to the crime of false pretense.
¶ 7. By pleading guilty, a defendant waives "all technical and non-jurisdictional defects contained in the indictment ...." Clark v. State , 54 So.3d 304, 308 (¶ 9) (Miss. Ct. App. 2011). Therefore, Walker's claim is waived. Even so, Walker's argument is without merit. "The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense." Brawner v. State , 947 So.2d 254, 265 (¶ 31) (Miss. 2006). Walker admits that his indictment tracks the statutory language for false pretense in section 97-19-39(2) :
Every person, who with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, with a value of Five Hundred Dollars ($500.00) or more ....
As the State explains, injury, detriment, and loss are not essential elements of the offense but matters of proof. See Martin v. State , 87 So.3d 1145, 1148 (¶ 10) (Miss. Ct. App. 2012) (explaining the State must prove the "property or money obtained under false pretenses must be 'to the detriment or injury of the person from whom the defendant obtains the same' "). In his indictment, Walker was given proper notice of the essential elements of the charge *793 so he could prepare an adequate defense. The indictment was not defective.
II. Guilty Plea
¶ 8. Next, Walker asserts that there was no factual basis for his guilty plea and it was involuntary. Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court provides that "[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea."[3] The burden of proving the invalidity of a guilty plea rests with the defendant and must be proven by a preponderance of the evidence. Williams v. State , 31 So.3d 69, 74 (¶ 13) (Miss. Ct. App. 2010). On-the-record statements of the elements of the charged crime sufficiently inform a defendant of the elements of the crime. Id. at 79 (¶ 28). "A defendant may establish a factual basis for his guilty plea simply by pleading guilty, but his plea 'must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.' " Aucoin v. State , 17 So.3d 142, 146 (¶ 11) (Miss. Ct. App. 2009) (quoting Hannah v. State , 943 So.2d 20, 26-27 (¶ 16) (Miss. 2006) ). A factual basis also can be established by "a statement of the prosecutor, the testimony of live witnesses, and prior proceedings ...." Watkins v. State , 170 So.3d 582, 587 (¶ 16) (Miss. Ct. App. 2014).
¶ 9. Walker contends that the State's factual basis for the crime is deficient. He alleges that he never obtained ownership of the vehicle because he never had title to it; he only "temporarily" possessed it.[4] Further, Walker claims that he did not have adequate time to consult with his attorney about pleading guilty; so his plea was involuntary. Moreover, he claims his attorney "forced him" to plead guilty.
¶ 10. Walker's plea was not involuntary. At the plea hearing, he was thoroughly informed of the nature and consequences of his guilty plea. Under oath, Walker agreed that he could read and write, was not under the influence of drugs or alcohol, read and signed his guilty plea, understood everything in it, agreed that he had the opportunity to fully discuss with his attorney all of the facts and circumstances related to the crime, told his attorney the facts that might be necessary for his defense; and he provided under oath that he was informed of the elements of the crime, what the State would have to prove, the waiver of his right to trial, and the minimum and maximum sentence. Additionally, he agreed he had not been threatened or forced to plead guilty. These statements, made in open court, "carry a strong presumption of veracity." Thomas v. State , 159 So.3d 1212, 1216 (¶ 12) (Miss. Ct. App. 2015).
¶ 11. Further, at the plea hearing, the State explained the factual basis for the charge of false pretense as follows, reading the language of the indictment into the record:
[O]n or about the 7th day of October, 2013, in Rankin County, this defendant willfully, unlawfully, feloniously, and with the intent to cheat Pop's Auto Sales, LLC, obtain a 2005 silver Chrysler 300 bearing the VIN number set forth in the indictment and valued in *794 excess of $500, the property of Pop's Auto Sales, LLC, by presenting a fraudulent check drawn on Wells Fargo Account Number 7116919445 in the amount of $11,035, and thereby falsely representing that he had sufficient funds on deposit with Wells Fargo when ... Walker well knew that said check was fraudulent and the account was closed in violation of Mississippi Code Section 97-19-39 ....
Walker had no objection to this factual basis. Section 97-19-39(b) does not require that Walker "own" the vehicle but merely "obtain" it; therefore, mere possession of the vehicle was sufficient. We cannot say that this factual basis was deficient or Walker's plea was involuntary.
III. Illegal Arrest
¶ 12. Walker claims his arrest was illegal because the Richland Police Department issued the arrest warrant and later arrested him in Lamar County, but the offense occurred in Florence, Mississippi, where Pop's Auto Sales is located. Additionally, Walker claims most of his criminal proceedings improperly occurred in the Richland Municipal Court. Walker reasons that because Pop's Auto Sales is not located in Richland, that municipality's law enforcement and courts lack jurisdiction over him and thus his judgment of conviction is void.
¶ 13. Again, we note that Walker's voluntary "guilty plea operates as a waiver of all nonjurisdictional rights or defects which are incident to trial." Shanks v. State , 233 So.3d 877, 881 (¶ 13) (Miss. Ct. App. 2017) (quoting Anderson v. State , 577 So.2d 390, 391 (Miss. 1991) ). Waiver notwithstanding, there was no error in Walker's arrest and court proceedings occurring in Richland. Both Florence and Richland are in Rankin County, Mississippi, where Walker's arrest warrant was properly issued and his court proceedings occurred. This issue is without merit.
IV. Ineffective Assistance of Counsel
¶ 14. Lastly, Walker contends that his counsel was deficient. To succeed on this claim, the defendant must show that his counsel's performance was deficient, and he was prejudiced by that deficiency. Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "In the context of a guilty plea, [the defendant] 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different.' " Brown v. State , 187 So.3d 667, 671 (¶ 8) (Miss. Ct. App. 2016) (quoting Hannah , 943 So.2d at 24 (¶ 7) ). The defendant "must show unprofessional errors of substantial gravity." Davis v. State , 5 So.3d 435, 437 (¶ 7) (Miss. Ct. App. 2008). There is a strong rebuttable presumption that counsel's conduct falls "within the wide range of reasonable professional assistance." Kinney v. State , 737 So.2d 1038, 1041 (¶ 8) (Miss. Ct. App. 1999).
¶ 15. Walker alleges his counsel failed to investigate the case, meet and confer with him, and properly advise him, as well as related deficiencies in the issues discussed above. Walker also claims that his counsel was "constructively ineffective" under United States v. Cronic , 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In that case, the United States Supreme Court "recognized a limited exception to the prejudice requirement when (1) assistance of counsel has been denied completely, (2) 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' or (3) counsel is denied during a critical stage of the proceedings." Branch v. State , 882 So.2d 36, 65 (¶ 85) (Miss. 2004) (quoting Freeman v. Graves , 317 F.3d 898, 900 (8th Cir. 2003) ).
*795 ¶ 16. Walker has failed to overcome the presumption that his counsel rendered reasonably effective assistance. At his plea hearing, Walker acknowledged that he was satisfied with his counsel's performance. Further, there is nothing in the record to support Walker's numerous contentions his counsel was deficient. Finally, Walker's claim that Cronic applies, and therefore he does not have to show prejudice, is without merit.
¶ 17. Accordingly, we affirm the trial court's dismissal of Walker's PCR motion.
¶ 18. AFFIRMED.
GRIFFIS, C.J., CARLTON, P.J., WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.

His prior felonies primarily related to false pretense, worthless checks, and forgery.

The supreme court has not held that ineffective-assistance-of-counsel claims are exempt from procedural bars under Rowland , but the court has recently held that under certain "extraordinary circumstances" a trial counsel's failure "to ensure a defendant can adequately appeal his conviction" excepted the PCR motion from the statutory time-bar. Chapman v. State , 167 So.3d 1170, 1173-74 (¶¶ 10, 12-13) (Miss. 2015) ; see also Brown v. State , 187 So.3d 667, 671 (¶ 7) (Miss. Ct. App. 2016) (applying Chapman ).

The Uniform Rules of Circuit and County Court relating to criminal practice have been supplanted by the Mississippi Rules of Criminal Procedure, effective July 1, 2017; however, the former rules were still in effect at the time of Walker's guilty plea.

At the sentencing hearing, Walker's counsel explained it was undisputed that a few days after obtaining the vehicle, Walker attempted to return it before Pop's Auto discovered he had written a bad check for it, but the company would not let him.